462 So.2d 480 (1984)
Everett H. FISCHER and Tommy H. Outlaw, As Trustees, Petitioners,
v.
The BOARD OF COUNTY COMMISSIONERS OF ORANGE COUNTY, Florida, Respondent.
No. 84-987.
District Court of Appeal of Florida, Fifth District.
December 6, 1984.
Rehearing Denied January 23, 1985.
*481 Robert B. Nadeau, Jr., of Akerman, Senterfitt & Eidson, Orlando, for petitioners.
Scott E. Wilt and Thomas A. Cloud, Orlando, for respondent.
COWART, Judge.
This case involves certiorari review of an order of the circuit court denying certiorari and leaving in effect a decision of The Board of Commissioners of Orange County, Florida, denying petitioners special exception for the location of a package sewer disposal plant on, and to serve, land owned by the petitioners and zoned for residential use.
The land in question has been zoned R-3 by Orange County for many years and was so zoned when purchased by petitioners. The only uses permitted in such multi-family dwelling district are residential uses.
On October 11, 1980, Orange County approved in concept the petitioners' plans to develop thirty-one acres of land zoned R-3 known as the Reams Road project, expressly finding that the proposed development was consistent with the county's Growth Management Policy (GMP) and approved the use of an on-site package sewer disposal plant that met all appropriate permitting including approval by DER. On December 10, 1980, petitioners' preliminary plans for a water and sewage disposal plant were approved by the Orange County Sewer and Water Board. Twice the propriety of the R-3 zoning has been reviewed and affirmed, the second time after litigation which judicially confirmed the zoning. However, when petitioners requested a special exception necessary under county zoning to locate the previously approved package plant on the petitioners' R-3 land, to serve those lands, the special exception was denied by the county. Petitioners' petition for certiorari in the circuit court to review the county's order denying the special exception was also denied. In this case petitioner seeks certiorari review of the circuit court order denying relief.
The zoning of land for residential use constitutes a legislative finding by the zoning authority that the lands are fit and proper for that use and also constitutes a governmental limitation on the use of those lands, limiting the lawful use thereof to the uses permitted under that zoning. A proper method of disposing of liquid waste is absolutely essential to any use of land for residential purposes. If lands which are legally limited by governmental zoning to residential use are further prohibited by governmental action from the use of any method of disposing of liquid waste, such prohibition of any sewage disposal method operates effectively to deny the owner from making any beneficial use of his lands. If the regional supplier of public utility services, which has the exclusive right, and the concomitant duty, to provide sewer service to land zoned for residential use, refuses or fails to serve that land, then the appropriate governmental authority may decide which of the remaining sewage disposal methods[1] are most appropriate for that land as zoned, but that authority cannot deny to the owner all remaining methods of disposing of liquid waste without thereby unconstitutionally denying that owner the beneficial use of his lands.
The petition of certiorari is granted and the order below is quashed and jurisdiction *482 is remanded to the lower court for further proceedings consistent with this opinion.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] Apparently, currently, there are three practical methods of disposing of sewage: (1) central sewage systems operated under governmental regulatory authority as public utilities, (2) "package" sewer plants serving a limited area, and (3) septic tanks.